IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMIE CRUZ, SR.,

        Plaintiff,

        v.

M.S., J.S.,

        Defendants.

Erie
1:18cv0051
ELECTRONICALLY FILED

# MEMORANDUM ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (DOC. NO. 5)

*Pro se* Plaintiff Jamie Cruz, Sr. ("Plaintiff") initiated the instant civil action on February 15, 2018, by filing a Motion for Leave to Proceed *In Forma Pauperis*. Doc. No. 1. Plaintiff brings this action against the victim of the crimes for which he is currently incarcerated, and her father, claiming that they have defamed him on social media. Doc. No. 1-1 ("[M.S.] and [J.S.][1] have been putting things on [F]acebook about me that wasn't [sic] true. I was arrested for charges involving [M.S.]"). *See also* Criminal Docket CP-25-CR-0002299-2016 (Court of Common Pleas of Erie County).[2]

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1), and Rules 72.C and 72.D of the Local Rules of Court, the case was referred to United States Magistrate Judge Susan Paradise Baxter. On April 3, 2018, the Magistrate Judge issued a Report and

---

[1] Because one of the Defendants was a Minor and the victim of crimes committed by the Plaintiff, the Court has removed identifying information and will direct the Clerk to amend the caption on this case. *See* 18 U.S.C. § 3771.
[2] Plaintiff was charged with Aggravated Assault, Kidnapping of a Minor and Inflicting Bodily Injury, Terroristic Threats, Simple Assault, Theft, Receiving Stolen Property, Unlawful Restraint of a Minor, Stalking, Indecent Assault, Sexual Assault, and Corruption of Minors for an event that occurred on May 14, 2016. He entered a guilty plea to the charges of Terroristic Threats, Simple Assault, Stalking, and Receiving Stolen Property on March 28, 2017, and the other charges were *nolle prossed*.

Recommendation ("R&R") recommending that Plaintiff be granted leave to proceed *in forma pauperis*, but that his complaint be dismissed as legally frivolous. Doc. No. 5. Plaintiff was served with the R&R and informed that he had until April 20, 2018 to file written objections. Plaintiff filed objections to the R&R and a Motion to Amend his Complaint. Doc. No. 6.

If objections are filed to a Magistrate Judge's Report and Recommendation, the district court is required to make a *de novo* determination about those portions of the R&R to which objections were made. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). The district court may accept, reject, or modify the recommended disposition, as well as receive further evidence or return the matter to the magistrate judge with instructions. Upon an independent review of the record, and consideration of the Magistrate Judge's R&R, the Court will adopt the R&R with modifications, will grant Plaintiff leave to proceed *in forma pauperis*, and will dismiss his complaint as frivolous, malicious, and for failure to state a claim pursuant to 28 U.S.C. § 1915(e).

**I.     Legal Standards**

*A.  Motion to Proceed In Forma Pauperis*

The *in forma pauperis* statute, 28 U.S.C. § 1915, is "designed to ensure that indigent litigants have meaningful access to the federal courts." *Douris v. Middletown Twp.*, 293 Fed. App'x 130, 131 (3d Cir. 2008) (*quoting Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Congress recognized, however, that litigants free from the burden of paying filing fees and court costs, which are the assumed by the public, lack the incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. *Neitzke*, 490 U.S. at 324; *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995).

Accordingly, when reviewing an *in forma pauperis* application, the Court must make two determinations: (1) whether Plaintiff is indigent; and (2) whether the proposed complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks damages from a defendant who is immune to suit. 28 U.S.C. § 1915(e)(2)(B).

The Court may dismiss a complaint under Section 1915(e) as frivolous if the court determines that "the contentions are clearly baseless." *Deutsch*, 67 F.3d at 1085. The Court may dismiss the action as malicious if it finds that "the litigant's motivations at the time of the filing of the lawsuit . . . is an attempt to vex, injure, or harass the defendant." *Deutsch*, 67 F.3d at 1086. The standard for dismissing a complaint for failure to state a claim under Section 1915(e) is the same as the standard used when ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), that is, the Court must accept the factual allegations as true and determine whether a plausible claim is stated. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 92009); and *Connelly v. Lane Construction Corp.*, 809 F.3d 780 (3d Cir. 2016).

### B. *Defamation*

Plaintiff states a claim for defamation in his Complaint. Doc. No. 1-1. Under Pennsylvania law, a plaintiff must prove the following seven elements to state a claim for defamation: (1) the defamatory character of the communication; (2) its publication by the defendant; (3) its application to the plaintiff; (4) the understanding by the recipient of its defamatory meaning; (5) the understanding by the recipient of it as intended to be applied to the plaintiff; (6) special harm resulting to the plaintiff from its publication; and (7) abuse of a conditionally privileged occasion. 42 Pa.C.S.A. § 8343.

For purposes of the threshold determination whether a communication is defamatory, it is not necessary for the communication actually to have caused harm to a plaintiff's reputation; defamatory character depends on the general tendency of the words to have such an effect. *Id., citing Corabi v. Curtis Publishing Co.*, 273 A.2d 899 (Pa. 1971); *Miller v. Hubbard*, 207 A.2d 913 (Pa. Super. 1965); Restatement, supra, § 559 Comment d. However, it is not sufficient for the words to merely embarrass or annoy the plaintiff. *Beckman v. Dunn*, 419 A.2d 583 (Pa. Super. 1980). A communication is defamatory if it tends to blacken a person's reputation or expose that person to public hatred, contempt, or ridicule, or injure the person in his business or profession. *Livingston v. Murray,* 612 A.2d 443, 447 (Pa. Super. 1992), *alloc. den.*, 617 A.2d 1275 (Pa. 1992). A statement must also be provable as false to give rise to a claim of defamation. *See, e.g.*, *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 19-20 (1990).

**II. Discussion**

*A. Plaintiff fails to state a claim*

Plaintiff has brought this defamation claim against the victim of the crimes for which he is currently incarcerated and her father. Although Plaintiff does not assert diversity as the basis for the Court's jurisdiction, he alleges that the Defendants live at addresses in the state of New York, and that he is currently incarcerated at SCI-Albion in Pennsylvania. He seeks damages in a total amount of $50,000 for alleged wage loss, injunctive relief, and a public apology from the Defendants. Although Plaintiff's asserted damages do not meet the amount in controversy requirement for diversity jurisdiction, the Court recognizes that a successful defamation claim could give rise to punitive damages or damages for actual injury to a person's reputation and, therefore, out of an abundance of caution, the Court finds Plaintiff has set forth the requirements for the Court to exercise diversity jurisdiction over his claim. *See* 28 U.S.C. § 1332.

4

Turning to the substance of Plaintiff's Complaint, the Court finds that he has not set forth the elements required to state a claim for defamation against the Defendants. He alleges that J.S. posted on Facebook that Plaintiff "kidnapped his daughter and put her in the trunk and spread a lot of false rumors about [Plaintiff.]" Doc No. 1-1. He claims that he applied for a job (at an unspecified time) and was not hired because of "what [he] was charged for." Doc. No. 1-1. He further claims "no one wants to hire me because they heard about me on social media and by [M.S.] telling people I raped her[.]" Doc. No. 1-1.[3]

Plaintiff's Objections to the R&R and Motion to Amend his Complaint, doc. no. 6, sets forth similar allegations. He states that he has contacted M.S. by phone while he has been incarcerated and asked "why are you doing this to me[?]" and that she responded that it was because he "cheated on her with 3 other females[.]" Doc. No. 6.

Plaintiff's claim for defamation fails because he cannot prove that any of the statements allegedly made by Defendants have caused the injuries to his reputation of which he complains. Plaintiff pled guilty to several of the charges against him, and he alleges in his complaint that it is "what [he] was charged for" that caused him to not be hired for a job. Doc. No. 1-1.

Plaintiff's claim against Defendants is analogous to a malicious prosecution claim, which would fail for similar reasons:

> One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused. Prosser and Keeton at 874; *Carpenter v. Nutter,* 127 Cal. 61, 59 P. 301 (1899). This requirement "avoids parallel litigation over the issues of probable cause and guilt ... and it precludes the possibility of the claimant [*sic*] succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions

---

[3] The Court must accept Plaintiff's allegations as true to analyze Plaintiff's claims, but it appears that Plaintiff has been incarcerated since he was arrested on these charges as his criminal docket does not indicate that he was able to post bond.

> arising out of the same or identical transaction." 8 S. Speiser, C.
> Krause, & A. Gans, American Law of Torts § 28:5, p. 24 (1991).
> Furthermore, "to permit a convicted criminal defendant to proceed
> with a malicious prosecution claim would permit a collateral attack
> on the conviction through the vehicle of a civil suit." *Ibid.* This
> Court has long expressed similar concerns for finality and
> consistency and has generally declined to expand opportunities for
> collateral attack
>
> *Heck v. Humphrey*, 512 U.S. 477, 484–85 (1994).

Plaintiff's criminal charges did not resolve in his favor. He cannot now attack the subject matter of those claims in a defamation suit against his victim and her father.

In addition to being unable to state a claim, the Court finds that Plaintiff's Complaint was brought against Defendants for a malicious purpose, to further harass and annoy the victim of his crimes - - a person who has already endured the Defendant stalking and assaulting her.

### B. *Plaintiff's Motion to Amend*

In his Motion to Amend, doc. no. 6, Plaintiff also seeks to add claims for copyright infringement, based upon a song allegedly posted by Defendants to the "soundcloud" internet application, and for invasion of privacy, based upon the alleged sharing of nude photos and videos of the Plaintiff. Plaintiff also states, "[d]ue to the fact that I am in prison I am currently unable to provide the evidence to support my allegations." Doc. No. 6. The Court finds that these threadbare allegations are insufficient to state additional claims against Defendants and will therefore DENY Plaintiff's Motion to Amend as futile.

### III. Conclusion and Order

For the reasons set forth, **IT IS HEREBY ORDERED** that the Report and Recommendation of the Magistrate Judge (Doc. No. 5) is adopted as modified herein as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* ([Doc. No. 1](Doc. No. 1)) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint ([Doc. No. 1-1](Doc. No. 1-1)) is dismissed with prejudice for failure to state a claim upon which relief may be granted and as frivolous and malicious.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend his Complaint ([Doc. No. 6](Doc. No. 6)) is DENIED as amendment would be futile.

**IT IS FURTHER ORDERED** that the Clerk of Court amend the caption of this case to remove identifying information of the Defendants pursuant to [18 U.S.C. § 3771](18 U.S.C. § 3771).

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

SO ORDERED, this 27th day of April, 2018,

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: JAMIE CRUZ, SR.
MY5474
SCI ALBION
10475 ROUTE 18
ALBION, PA 16475